# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

GEORGE COUTOUMANOS                                               **PLAINTIFF**

VS.                                            **CAUSE NO.: 1:07CV24-SA**

SOUTHERNCARE, INC.                                         **DEFENDANT**

## MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

This cause comes on consideration on Southerncare Inc.'s Motion for Summary Judgment. The Court determines the Motion should be DENIED. Specifically, the Court finds as follows:

Plaintiff George Coutoumanos, a 56-year old male, worked for Defendant Southerncare, a hospice, beginning in 2002 until his termination in 2006. Defendant terminated Plaintiff on the ground that he violated policy by not physically assessing the patient, J.W.[1], before admitting him to Southerncare.

Plaintiff brings this action alleging that Defendant Southerncare discriminated against him on the basis of gender, in violation of Title VII of the Civil Rights Act of 1963, and on the basis of age, in violation of the Age Discrimination in Employment Act of 1967. Furthermore, Plaintiff alleges that he was discharged in violation of the public policy of the State of Mississippi. Plaintiff further argues that Defendant violated his rights to be free from defamation and is also liable for breach of contract. Subsequently, Plaintiff withdrew the claims for violation of public policy, defamation, and breach of contract. Thus, only the gender and age discrimination claims remain.

---

[1] To protect the privacy of the patient and his family, the Court will use the patient's initials in order to identify the individual.

Plaintiff avers he was discriminated against because of his gender and age in light of the fact he was replaced by Jenny Filgo, a 33 year-old female. Thus, on February 6, 2007, Plaintiff filed this complaint asserting the aforementioned. Subsequently, Defendants filed this Motion for Summary Judgment on June 6, 2008.

*STANDARD FOR MOTION FOR SUMMARY JUDGMENT*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Conclusional allegations, speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Sedgwick, 276 F.3d at 759.

*DISCRIMINATION BASED ON AGE*

The Age Discrimination in Employment Act of 1967 ("ADEA") provides "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Specifically, the ADEA is intended to protect employees over forty years of age from discriminatory practices. Intentional discrimination can be proved through either direct or circumstantial evidence. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000). If the record is devoid of direct evidence, the plaintiff must bring forth circumstantial evidence to carry his or her burden. Id. A case that involves only circumstantial evidence is governed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Applying the McDonnell Douglas framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. McDonnell, 411 U.S. at 802, 93 S. Ct. 1817. Plaintiff must demonstrate that he or she (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class at the time of the decision; and, (4) was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

*DISCRIMINATION BASED ON GENDER*

Similarly, claims of gender discrimination under Title VII are evaluated under McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. 1817. Particularly, the Plaintiff must prove (1) he belongs to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class. Manning v.

Chevron Chem. Co., 332 F.3d 874, 881 (5th Cir. 2003) (citing Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

If the plaintiff establishes a prima facie case of discrimination, the defendant then has the opportunity to rebut the presumption of discrimination by proffering a legitimate, nondiscriminatory reason for the adverse employment action. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). An employer can meet that burden by bringing forth admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); Rachid, 376 F.3d at 312; Bodenheimer v. PPG Indus. Inc., 5 F.3d 955, 957 (5th Cir. 1993). The burden on the Defendant is minimal and is not subject to a credibility determination. Hicks, 509 U.S. at 507, 509, 113 S. Ct. 2742; Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996).

If the defendant meets that burden, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination; or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 412 (5th Cir. 2007); Rachid, 376 F.3d at 312. In determining whether the case is one of intentional discrimination, "a court should consider 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case.'" Crawford v. Formosa Plastics Corp., La., 234 F.3d 899, 902 (5th Cir. 2000) (quoting Reeves, 53 U.S. at 148-49, 120 S. Ct. 2097). Further, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff

4

remains at all times with the plaintiff." <u>Reeves</u>, 530 U.S. at 143, 120 S. Ct. 2097. Therefore, the

Plaintiff must make at least a minimal showing of discrimination to create a genuine issue of

material fact in order to survive summary judgment. <u>See</u> <u>Berquist v. Washington Mut. Bank</u>,

500 F.3d 344, 356-57 (5th Cir. 2007); <u>see</u> <u>Keelan v. Majesco Software, Inc.</u>, 407 F.3d 332, 345-

46 (5th Cir. 2005).

*THE PARTIES' CONTENTIONS*

The Defendant insists Plaintiff was terminated due to violation of policy. Specifically,

the Defendant states that Plaintiff failed to perform a mandatory physical assessment of a patient

before admitting the patient to hospice care in direct violation of the policies of Southerncare.

Moreover, Defendant declares a patient cannot sign the Medicare election of benefits form

without first doing a proper physical assessment of the patient. Furthermore, Defendant states

the Plaintiff violated Mississippi Board of Nursing, Nursing Practice Law 73-15-29 (1)(g) which

states "grounds for [d]enying, [r]evoking, or [s]uspending license" is available for a person who

"[h]as falsified or in repeatedly negligent manner made incorrect entries or failed to make

essential entries or records." Finally, Defendant alleges Plaintiff was replaced by a male, Scott

Thrasher. Subsequently, three weeks later, Jenny Filgo was hired.

It is undisputed that the Plaintiff met with J.W.'s family in order to complete the patient's

admission to the hospice program. Plaintiff asserts that J.W.'s family told Plaintiff that it was an

inopportune time to see the patient, J.W. It is undisputed that Plaintiff did not physically assess

the patient on that Saturday. However, the Plaintiff points to the admission papers in which

Plaintiff marked "[patient] not available." Plaintiff insists that due to the weekend circumstances

and no immediate need expressed by the family to move the patient into the facility, he could

complete the admission process at a later time. Plaintiff avows he contacted the on-call nurse

Regina Echoles and notified her of the situation and that he was unable to admit the patient. Plaintiff and nurse Echoles contend that per the policy he had 48 hours to make the admittance official by doing a physical assessment. According to the Plaintiff, upon arriving to work Monday, he notified the nurse, Sandra, his direct supervisor, Dallas Little, and the clinical director, Nancy Wolverton what had occurred with patient J.W. The Plaintiff insists he did a full assessment on Monday, and the patient was not admitted until that Monday, January 30, 2006. Plaintiff was terminated on February 3, 2006, and according to the Plaintiff, was replaced by Jenny Filgo, a 33-year-old female. As further evidence of discrimination, Plaintiff argues that a few years earlier Terri Carver wrongfully demoted him, and Jenny Filgo was promoted in his place.

Plaintiff also maintains that the Defendant gives conflicting reasons for termination. Plaintiff contends that the document Little gave Plaintiff stated the reason for termination was "failure to follow policy." Conversely, the Plaintiff argues that the official status change form completed by Carver stated the reason for termination as "falsification of documents."

### *PRIMA FACIE*

As to the requisites of a prima facie case under both the ADEA and Title VII, the Parties agree that the Plaintiff suffered an adverse employment action and that he was within the protected class under both statutes.

However, the Defendant argues that Plaintiff was not qualified for the job due to Plaintiff's violation of nursing policy and Mississippi nursing law. Further, the Defendant claims the Plaintiff's license could have been revoked or suspended due to his failure to evaluate the patient.

The Court finds that, other than being terminated by Southerncare, no evidence exists that the Plaintiff has had his license revoked or suspended or was disciplined in any way for the violations. The Court is of the opinion that the Plaintiff is qualified for the position, and the alleged violation did not render him unfit from the position. The Court refuses to conclude that that the fact that his alleged violation could have resulted in suspension or revocation of his license would render him unqualified. See Stubbs v. Leggett & Platt Components Co., Inc., 2007 WL 2884961 *4 (N.D. Miss. Sept. 27, 2007).

The Defendant further argues that Plaintiff has failed to meet the fourth prong of the gender discrimination prima facie case of being replaced by someone outside the protected class. The Defendant declares that Plaintiff was replaced by a male, Scott Thrasher. However, this conclusory assertion is unsubstantiated by any evidence. The Defendant merely states that Plaintiff was replaced by Thrasher in their Motion and references a declaration of a supervisor Dallas Little. No other document or employment record discusses if Thrasher replaced the Plaintiff. More importantly, without stating what happened to Thrasher in the next three weeks, the Defendant concedes that three weeks after Plaintiff was terminated, Jenny Filgo assumed the position. Certainly, Plaintiff has, at least, created a genuine issue of material fact that he was replaced by someone outside his protected class in light of the fact within three weeks he was replaced by a younger female.

Thus, the Court is of the opinion the Plaintiff has created a genuine issue of material fact as to the prima facie case of age and sex discrimination under the ADEA and Title VII, respectively.

*LEGITIMATE NON-DISCRIMINATORY REASON*

As previously mentioned, the Defendant states that it fired Plaintiff because he violated the policy of not physically assessing a Plaintiff before admitting him.

*PRETEXT*

The Plaintiff persists that Defendant's reason is a pretext or at least Plaintiff claims that he has proved that age or gender was a motivating factor in his termination.

The Court is of the opinion that the Plaintiff has satisfied his burden of creating a genuine issue of material fact that the Defendant's reason is a pretext. Since the Plaintiff documented that the patient was not available on the reports in numerous spaces, and given Plaintiff's assertion that he notified the on-call nurse on Saturday, and other nurses and supervisors on Monday morning, a reasonable juror could infer that Defendant's reason is a pretext and the real reason was age or gender discrimination. Moreover, the Defendant has conflicting documents citing different reasons why the Plaintiff was terminated.

In sum, the Plaintiff has created a genuine issue of material fact that Defendant's reason is a pretext for discrimination.

*CONCLUSION*

The Plaintiff has created genuine issues of material fact as to a prima facie case and that Defendant's legitimate non-discriminatory reason was a pretext. Accordingly, the Defendant's Motion for Summary Judgment is **DENIED**.

A separate order shall issue in accordance with this opinion.

**SO ORDERED**, this the 11th day of July, 2008.

**/s/ Sharion Aycock_____**
**U.S. DISTRICT COURT JUDGE**